```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ZHONGZHI ZANG,
       individually and on behalf of all other employees
       similarly situated,
XIN LI,
GUOXING HUANG,

                              Plaintiffs,
                                                                   REPORT AND
          -against-                                                RECOMMENDATION
                                                                   18-CV-06910-DG-SJB
DAXI SICHUAN INC.,
       doing business as Daxi Restaurant,
SHIHAI LIU,
HUI FANG,

                              Defendants.
----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

Plaintiff Zhongzhi Zang ("Zang") brought this action against Daxi Sichuan Inc. and Shihai Liu alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Codes, Rules and Regulations ("NYCRR"). (Compl. dated Dec. 5, 2018, Dkt. No. 1). He filed an Amended Complaint on May 20, 2019, naming Hui Fang as an additional defendant. (Am. Compl. dated May 20, 2019 ("Am. Compl."), Dkt. No. 9). Also on May 20, 2019, Xin Li ("Li") opted-in as a plaintiff. (Consent to Become Party Plaintiff dated May 20, 2019, Dkt. No. 13).

On December 31, 2021, Li's counsel, Troy Law, PLLC ("Troy") filed a motion to withdraw as counsel, which the Court granted after Li failed to appear at two hearings on the motion. (*See* Mot. to Withdraw as Att'y dated Dec. 31, 2021, Dkt. No. 65 ("Mot. to Withdraw"); Min. Entry & Order dated Mar. 28, 2022). Thereafter Li was given ample opportunity to indicate he wished to continue this action. He gave none. Now,

the Court issues this *sua sponte* recommendation dismissing Li's claims with prejudice for failure to comply with multiple court orders and to prosecute his claims.

FACTS AND PROCEDURAL HISTORY

Zang was employed as a kitchen helper by Defendant Daxi Sichuan Inc. from approximately May 2017 to June 2017. (Am. Compl. ¶ 7). Individual Defendants Shihai Liu and Hui Fang are officers, directors, managers, or majority shareholders of the defendant corporation. (*Id.* ¶¶ 11–17). Zang alleged that both individual defendants "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records." (*Id.* ¶¶ 12, 16).

Zang's Complaint contains 9 causes of action: (1) violation of minimum wage provisions of FLSA; (2) violation of minimum wage provisions of NYLL; (3) violation of overtime provisions of FLSA; (4) violation of overtime provisions of NYLL; (5) violation of the spread-of-hours provision of NYLL; (6) violation of the meal period provision of NYLL; (7) violation of recordkeeping requirements of NYLL; (8) violation of notice requirements of NYLL; and (9) violation of wage statement provisions of NYLL. (*Id.* ¶¶ 52–95).

Zang's Amended Complaint was styled as a putative class and collective action. (*Id.* ¶¶ 42–45). On May 20, 2019, Xin Li filed his consent to become a plaintiff. (Consent to Become Party Plaintiff dated May 20, 2019, Dkt. No. 13). Li was a "cold appetizer preparer" for Defendants beginning on or about May 20, 2017. (Aff. of Guoxing Huang in Supp. of Pls.' Mot. for Conditional Collective Certification, Dkt. No. 32-5, ¶¶ 57–59). On December 30, 2019, Guoxing Huang joined the case as a plaintiff. (Consent to Become Party Plaintiff dated Dec. 30, 2019, Dkt. No. 27). On February 10,

2020, Plaintiffs moved to conditionally certify a FLSA collective action, (Mot. to Certify FLSA Collective Action dated Feb. 10, 2020, Dkt. No. 31), "on behalf of all 'non-managerial employees,' both tipped and non-tipped, who worked for defendants during the three years prior to the filing of their complaint and who were not paid minimum wage for all hours worked or not paid overtime for hours worked in excess of forty hours." (Mem & Order dated Aug. 19, 2020, Dkt. No. 38, at 2). Magistrate Judge Levy denied the motion for certification of a collective action. (*Id*. at 9).

Zang and Huang provided notice to the Court that they accepted Defendants' Offer of Judgment pursuant to Fed. R. Civ. P. 68(a) on January 16, 2022. (Notice dated Jan. 16, 2022, Dkt. No. 70). The Clerk subsequently entered judgment against Defendants, dismissing with prejudice Zang and Huang's claims except any claims for recovery of reasonable attorney's fees and costs. (Clerk's Judgment dated Jan. 19, 2022, Dkt. No. 72). Li was not included in the offer and acceptance of judgment.

On December 31, 2021, Troy filed a motion to withdraw as attorney for Li. (*See* Mot. to Withdraw). In the motion, Troy wrote:

> Although initially Plaintiff Xin Li was cooperative in prosecuting this matter, Plaintiff [Li] has become unresponsive to Troy Law's attempts to communicate with him and as such Troy Law can no longer represent Xin Li.

(Decl. of John Troy in Supp. of Mot. to Withdraw ("Troy Decl."), Dkt. No. 66, ¶ 5). Counsel further wrote that he had attempted to contact Li to schedule his deposition six times on three separate dates, but Li did not respond. (*Id.* ¶¶ 6, 8–9). Huang also separately reached out to Li on Troy's behalf, but Li did not answer. (*Id.* ¶ 7).

The Court scheduled a hearing on the motion to withdraw for February 3, 2022, and Li was ordered to attend. (Scheduling Order dated Jan. 4, 2022

3

("Plaintiffs are required to attend.")). Troy filed an affirmation providing that the motion papers and the Court's order scheduling a hearing were served upon Li by "message" to his "last known phone number." (Certificate of Service dated Jan. 11, 2022, Dkt. No. 69). Deeming such service insufficient, the Court ordered counsel to serve Li at his "last known address" consistent with Fed. R. Civ. P. 5(b)(2). (Order dated Jan. 12, 2022). A copy of the Scheduling Order was served at Li's last known address, 142-24 38th Avenue, Flushing, NY 11354. (Certificate of Service dated Jan. 19, 2022, Dkt. No. 73). The motion hearing was rescheduled for February 22, 2022, and proof of service of the Court's order on Li was filed on the docket. (Scheduling Order dated Feb. 3, 2022; Certificate of Service dated Feb. 5, 2022, Dkt. No. 74). The hearing was continued to March 28, 2022 because Li failed to attend, and counsel was directed to provide notice of the hearing to Li in both written English and written Chinese by text message in addition to mail. (*See* Min. Entry & Order dated Feb. 22, 2022; Tr. dated Feb. 22, 2022 ("Feb. 22 Tr.") at 4:8–11, 16:3–4 (Troy, T.)). Proof of service in compliance with the Court's order was filed on the docket. (*See* Aff. of Service dated Feb. 25, 2022, Dkt. No. 78).

Li failed to appear at the motion hearing on March 28, 2022. (Min. Entry & Order dated Mar. 28, 2022). At the hearing, the Court granted the motion to withdraw and ordered Li to inform the Court whether he intended to obtain counsel or proceed in a *pro se* capacity. (*Id.*). The Court warned that Li's failure to do either would result in the dismissal of his case. (*Id.*). The Court's order was translated into Chinese and sent to Li via text message and first class mail. (Certificate of Service dated Apr. 2, 2022, Dkt. No. 82). Since March, Li has not filed any communication with the Court and no attorney has appeared on his behalf. The Court issued a final

4

Order to Show Cause reiterating that, if Li failed to respond, the "Court will issue a report and recommendation that his case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41 in light of the repeated non-appearances and failure to abide by Court Order." (Order to Show Cause dated Sept. 29, 2022). A copy of the civil docket sheet reflecting this Order was mailed by the Court to Li at his last known address.[1] On October 13, 2022, the Court's mailing was returned to the Court as undeliverable with the notation, "Insufficient Address—Unable to Forward."

## DISCUSSION

I.  Dismissal with Prejudice under Rules 16(f) and 37(b)

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and . . . Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends that Li's claims be dismissed with prejudice, because he failed to comply with multiple court orders and failed to appear at pretrial conferences.

---

[1] The Court also directed Thomas Hsien Chih Kung, counsel for Defendants, to serve the order on Li in both English and Chinese at his last known address and to file proof of such service on the record. (Order to Show Cause dated Sept. 29, 2022). Counsel has not complied with the Court's instruction.

5

A court may sanction a party for failing to appear—either at a court conference or as the court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order"); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order, . . . includ[ing] . . . dismissal[.]"). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

Here, Li failed to comply with several court orders and failed to appear at two pretrial conferences. First, he failed to appear by video at the February 22, 2022 motion to withdraw hearing, despite being served with notice via first class mail, thereby missing a conference and disobeying the Court's order to appear. (*See* Min. Entry & Order dated Feb. 22, 2022; Feb. 22 Tr. at 16:3–4 (Troy, T.); Scheduling Order dated Feb. 3, 2022; Certificate of Service dated Feb. 5, 2022, Dkt. No. 74). Li then failed to appear by video at the motion to withdraw hearing rescheduled for March 28, 2022, despite being served with notice by mail and text message, in both English and Chinese,

6

thereby missing a second conference and again disobeying the Court's order to appear. (Min. Entry & Order dated Mar. 28, 2022; Min. Entry & Order dated Feb. 22, 2022; Aff. of Service dated Feb. 25, 2022, Dkt. No. 78). Finally, Li failed to respond to the Court's order requiring him to indicate whether he intends to prosecute the case, either with new counsel or in a *pro se* capacity. (*See* Min. Entry & Order dated Mar. 28, 2022). These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999, at *1 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

    The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with*

*prejudice.*" (emphasis added) (citations and quotations omitted)).[2]  "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).  "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate.  *S. New England Tel. Co.*, 624 F.3d at 144.  Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007).  "[T]he district court 'is free to consider the full record in the case'" in making this determination.  *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308

---

[2] *Pro se* litigants are afforded leeway when it comes to litigation noncompliance; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders." (citations and quotations omitted)).  Li has been *pro se* since March 28, 2022, and several of his failures occurred while he was represented by counsel. While he was represented by counsel, he failed to communicate with his lawyer, making it impossible for his counsel to prosecute his case and forcing his withdrawal.  But even if Li's noncompliance had occurred entirely while he was proceeding *pro se*, his claims would be dismissed because he has not given this Court any indication he intends to cure his failures or prosecute his case.

8

F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Li's claims.

    A.    <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276, at *1 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance. . . .* [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939, at *1 (Jan. 29, 2019).

Li failed to comply with multiple court orders and failed to appear at two conferences. (Min. Entry & Order dated Feb. 22, 2022; Min. Entry & Order dated Mar. 28, 2022; Order to Show Cause dated Sept. 29, 2022). During each of these failures, Li was served with a copy of the Court's order at his last known address. (Certificate of Service dated Feb. 5, 2022, Dkt. No. 74; Aff. of Service dated Feb. 25, 2022, Dkt. No. 78; Certificate of Service dated Apr. 2, 2022, Dkt. No. 82). Two of those orders were also served on Li via text message in two languages. (Aff. of Service dated Feb. 25, 2022, Dkt. No. 78; Certificate of Service dated Apr. 2, 2022, Dkt. No. 82). As such, he was aware of the obligations to abide by the Court's orders, and his failure to do so is willful.

9

*See, e.g., Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed.  She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf.  Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018), at *3 and 2018 WL 3094940, at *1 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3.

    B.    <u>Efficacy of Lesser Sanctions</u>

A sanction less than dismissal would not be effective in this case.  When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances."  *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 at *1 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Li to reengage in this litigation, especially given his repeated failure to abide by prior court orders and the warnings that his case could be dismissed should he fail to comply.  His failure to communicate with the Court and to provide it with updated contact information make any additional efforts by the Court to communicate with him futile.  At this point, given the multiple opportunities afforded to Li to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate.  *See, e.g., Dungan v.*

10

*Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) (dismissing case for failure to abide by court orders) ("[I]n light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks. . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders) ("[T]he Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture." (second alteration in original) (citations and quotations omitted)), *report and recommendation adopted*, 2012 WL 2530106, at *1 (June 29, 2012).

    C.    <u>Duration</u>

The duration of Li's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation). "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Li has failed to comply with court orders since February 22, 2022, beginning with his failure to obey the Court's Scheduling Order to appear at the motion to withdraw hearing. (Scheduling Order dated Feb. 3, 2022; Min. Entry & Order dated Feb. 22, 2022; Feb. 22 Tr. at 16:3–4 (Troy, T.)). His own attorney has not heard from him since

11

at least December 2021. (Troy Decl. ¶¶ 6–9). As of now, it has been nearly 12 months since Li's absence, which is evidently over six months ago. This extended period of noncompliance is sufficient to warrant dismissal. *See, e.g.*, *Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of noncompliance of "more than five months").

      D.    <u>Notice</u>

Li has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted).

Li was warned twice that failure to comply with court orders could result in dismissal. (*See* Min. Entry & Order dated Mar. 28, 2022 ("Plaintiff Li must inform the Court by 5/27/2022, in writing, his intention to prosecute the case. . . . Should Plaintiff Li fail to inform the Court of an intention to prosecute the case, either with new counsel or in a pro se capacity, the case will be dismissed." (emphasis removed)); Order to Show Cause dated Sept. 29, 2022 ("Plaintiff Li is ordered to show cause on or before 10/20/2022 why the Court should not dismiss his case based on his failure to prosecute the action. If Li fails to respond to this order to show cause, the Court will issue a report and recommendation that his case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41 in light of the repeated non-appearances and failure to abide by Court Order." (emphasis removed))).

The fact that one of these orders, when mailed to Li by the Court, was returned as

12

undeliverable does not preclude dismissal. As explained above, Li was served with the Court's orders by first class mail at his last known address. (*See* Certificate of Service dated Feb. 5, 2022, Dkt. No. 74; Aff. of Service dated Feb. 25, 2022, Dkt. No. 78; Certificate of Service dated Apr. 2, 2022, Dkt. No. 82). He failed to maintain necessary contact with his counsel and has not provided his counsel or the Court with an updated address. (*See* Troy Decl. ¶ 5). Sending the orders to his last known address is sufficient to satisfy the obligation to put Li on notice, even if he has moved, because he did not inform anyone about any new address. That Li may have moved, without providing any forwarding address or means of contact, does not entitle him to continue with his case. "It is plaintiff's obligation to notify the Court of any change in address[.]" *Peralta*, 2012 WL 2530578, at *2; *see, e.g.*, *Jin Fang Luo*, 2019 WL 360099, at *5 ("Here, where the Non-Responsive Plaintiffs have simply disappeared, the Court can discern no legitimate or innocent reason that they have not complied with the Court's order. To the extent that they are unaware of the Court's order, it is their fault for failing to remain in contact with their attorney and to remain apprised of the case. Thus, dismissal of their claims is warranted[.]"); *Gordon v. Watts*, No. 06-CV-450, 2009 WL 799950, at *2 (N.D.N.Y. Mar. 24, 2009) ("It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." (citations and quotations omitted)). In light of Li's obligation to update the Court of his contact information, and the repeated orders over the course of four years requiring him to keep the Court apprised of his whereabouts, the notice provided to him is sufficient to permit dismissal. *See, e.g.*, *Tomassi v. Suffolk Cnty.*, No. 19-CV-2537, 2020 WL 5633069, at *2 (E.D.N.Y. Sept. 21, 2020) (dismissing case for failure to prosecute, notwithstanding the fact that the Court's

13

order was returned to the Court and marked as "Insufficient Address – Unable to Forward," because plaintiff failed "to comply with the Court's Order to provide a current address").

All four factors discussed above, therefore, warrant dismissal with prejudice of Li's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A) and 16(f)(1)(C).

II.   Dismissal with Prejudice for Failure to Prosecute

There is a separate basis to dismiss Li's claims—his failure to prosecute his case. Rule 41(b) provides that an action or claim may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice. *Jin Fang Luo*, 2019 WL 360099, at *2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden*

14

*Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors under a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).[3]

As to the third factor—prejudice to defendants—courts have found dismissal appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months— without notifying the Court, the Government, or the Pro Se Office of a change of

---

[3] In the context of a dismissal for failure to prosecute, notice of court orders to plaintiff's last known address is sufficient. *See, e.g.*, *Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("[T]he Court attempted to notify plaintiff of the potential dismissal of her case via its May 9 Order, which was returned to sender. Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained her duty to [prosecute her] case diligently. It is also plaintiff's obligation to inform this Court's Pro Se office of any change of address. Plaintiff's inaccessibility for over six months is anything but diligent prosecution of her case and she has not notified the Pro Se office of any change of address." (quotations and citations omitted)).

address—strongly suggests that he is not diligently pursuing this claim.  Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government." (citations omitted)).

Li's repeated failures to comply with court orders since February 2022 and his failure to attend the motion to withdraw hearings has presumptively prejudiced Defendants.  Defendants have been under the specter of liability for approximately four years.  Evidence is likely stale, and Defendants have had no ability—because of Li's prolonged absence—of deposing him or otherwise challenging his allegations.  Discovery has since closed, and the adjudication of the other named Plaintiffs' claims has concluded.  (*See* Clerk's Judgment dated Jan. 19, 2022, Dkt. No. 72).  At this point, the prejudice from the pending litigation is substantial and justifies dismissal.  *See, e.g.*, *Lopa*, 2018 WL 3019875, at \*2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket.  *Dungan*, 2014 WL 2941240, at \*6.  "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed."  *Langdell v. Hofmann*, No.

16

05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Norden Sys., Inc.*, 375 F.3d at 257).  The Court has repeatedly invested its time addressing Li's failures and has given him several opportunities to pursue his case.  The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal.  *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal.  It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action.  By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard." (citations and quotations omitted)); *Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." (citations omitted)).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), Li's claims should be dismissed with prejudice for failure to prosecute under Rule 41(b).

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Li's claims be dismissed with prejudice for failure to abide by court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this Report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a

waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

Counsel for Defendants shall serve a copy of this Report and Recommendation on Li at his last known address, and to any other electronic contact information known to it, and file proof of such service within 14 days of the date of this Report.

                                          SO ORDERED.

                                          /s/ *Sanket J. Bulsara*  December 15, 2022
                                          SANKET J. BULSARA
                                          United States Magistrate Judge

Brooklyn, New York