UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ZHONGZHI ZANG,
      *on his own behalf and on behalf of others*
      *similarly situated*,
XIN LI,
GUOXING HUANG,

                           Plaintiffs,

                  -against-

DAXI SICHUAN, INC,
      *doing business as Daxi Sichuan*,
SHIHAI LIU,
HUI FANG,

                         Defendants.
----------------------------------------------------------------X

**ORDER**

18-CV-06910-DG-SJB

**BULSARA, United States Magistrate Judge:**

    Zhongzhi Zang and Guoxing Huang (together, the "Fee Applicants") have filed a motion seeking attorney's fees and costs. For the reasons stated below, the motion is granted in part and denied in part.

<u>FACTS AND PROCEDURAL HISTORY</u>

    Zang brought this action individually and on behalf of a putative collective against Daxi Sichuan, Inc. and Shihai Liu, alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and New York Codes, Rules and Regulations ("NYCRR"). (Compl. dated Dec. 5, 2018, Dkt. No. 1). An Amended Complaint was subsequently filed on May 20, 2019, naming Hui Fang as an additional defendant and also making additional class action allegations. (Am. Compl. dated May 20, 2019 ("Am. Compl."), Dkt. No. 9).

    Zang was employed as a kitchen helper by Daxi Sichuan from approximately May 2017 to June 2017. (*Id.* ¶ 7). Individual Defendants Liu and Fang are officers, directors,

managers, or majority shareholders of Daxi Sichuan. (*Id.* ¶¶ 11–17). Zang alleged that both Liu and Fang "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records." (*Id.* ¶¶ 12, 16).

Zang's Amended Complaint contains 9 causes of action: violation of the (1) minimum wage provisions of FLSA; (2) minimum wage provisions of NYLL; (3) overtime provisions of FLSA; (4) overtime provisions of NYLL; (5) spread-of-hours provision of NYLL; (6) meal period provision of NYLL; (7) recordkeeping requirements of NYLL; (8) notice requirements of NYLL; and (9) wage statement provisions of NYLL. (*Id.* ¶¶ 52–95).

On May 20, 2019, Xin Li filed his consent to become a plaintiff, (Consent to Become Party Pl. dated May 20, 2019, Dkt. No. 13), and on December 30, 2019, Guoxing Huang likewise opted-in as a plaintiff. (Consent to Become Party Pl. dated Dec. 30, 2019, Dkt. No. 27). On February 10, 2020, Plaintiffs moved to conditionally certify a FLSA collective action "on behalf of all 'non-managerial employees,' both tipped and non-tipped, who worked for [D]efendants during the three years prior to the filing of their complaint and who were not paid minimum wage for all hours worked or not paid overtime for hours worked in excess of forty hours." (Order dated Aug. 19, 2020, Dkt. No. 38 at 2; Mot. to Certify FLSA Collective Action dated Feb. 10, 2020, Dkt. No. 31). The Honorable Steven Gold denied the motion for certification of a FLSA collective action, finding that Plaintiffs had not made even a "modest factual showing" that there was a common FLSA-violative policy employed by Defendants. (Order dated Aug. 19, 2020, Dkt. No. 38 at 5). Plaintiffs were granted leave to renew their motion at a later

date if, during the course of discovery, additional facts were uncovered that made certification appropriate.  (*Id*. at 9).  No renewed motion was filed.

Plaintiffs filed a motion to compel on January 12, 2021, which was denied for failure to include a certification that the parties met and conferred pursuant to Rule 37(a).  (Mot. to Compel dated Jan. 12, 2021, Dkt. No. 45; Order dated Jan. 20, 2021).  Six months later, the Court also denied Plaintiffs' motion to compel class discovery because Plaintiffs "offer[ed] no substantive reason why class discovery is appropriate." (Order dated June 11, 2021).  On November 22, 2021, the Court denied Plaintiffs' motion for sanctions for "twice-busted depositions" but directed Defendants to pay costs associated with those cancelled depositions.  (Min. Entry & Order dated Nov. 22, 2021).

Plaintiffs Zang and Huang filed a notice of acceptance of Defendants' Rule 68 offer of judgment (the "Offer") on January 16, 2022.  (Notice of Acceptance of Offer of J. dated Jan. 16, 2022, Dkt. No. 70).  The Offer was for a sum of $20,000, excluding "any claims for recovery of reasonable attorneys' fees, costs, and expenses incurred by Plaintiff's counsel in connection with this action."  (Offer of J. dated Jan. 12, 2022 ("Offer"), Dkt. No. 70-1 at 1).  The Clerk of Court thereafter entered judgment in their favor.  (Clerk's J. dated Jan. 19, 2022, Dkt. No. 72).  On March 8, 2022, Zang and Huang filed the present motion to recover attorney's fees and costs for work performed by Hui Chen & Associates, PLLC ("Hui Chen") and Troy Law, PLLC ("Troy Law").  (Mot. for Att'y Fees dated Mar. 8, 2022, Dkt. No. 79).

<u>DISCUSSION</u>

It is well-settled that FLSA and NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff.  *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]").  The acceptance of a Rule 68 offer of judgment establishes that Plaintiffs are the prevailing party under FLSA and NYLL.  *See Black v. Nunwood, Inc.*, No. 13-CV-7207, 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015).

It is also undisputed that Plaintiffs' entitlement to fees was not satisfied by the accepted offer of judgment.  Under Rule 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  "[W]here the underlying statute defines 'costs' to include attorney's fees," the Supreme Court has held that "such fees are to be included as costs for purposes of Rule 68."  *Marek v. Chesny*, 473 U.S. 1, 9 (1985).  FLSA and NYLL define attorney's fees as separate from costs, so "an offer of judgment providing for the payment of 'costs' alone does not include attorney's fees."  *Black*, 2015 WL 1958917, at *3.  And moreover, the Offer itself carved out claims for recovery of "attorney's fees, costs, and expenses," in anticipation of the filing of the present application.  (Offer at 1–2).

I.   Attorney's Fees

The "starting point" for determining the amount of attorney's fees to be paid by Defendants is calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id.* The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 U.S. Dist. LEXIS 125161, at *9 (E.D.N.Y. Feb. 26, 2008), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *3 (Mar. 17, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary. *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)) (adopting report and recommendation). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584, 2015 WL 5316257, at *5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, at *1 (Sept. 11, 2015).

A. <u>Hourly Rate</u>

Turning first to the reasonable hourly rate, the Court first examines the experience and qualifications of counsel seeking the fee award. "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-

3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) (quotations omitted), *report and recommendation adopted*, 2022 WL 4662247, at *1 (Sept. 30, 2022).  "The burden is on the party moving for attorney's fees to justify the hourly rates sought."  *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), *report and recommendation adopted*, 2014 WL 1237127, at *1 (Mar. 25, 2014).  That is, "the fee applicant [has the burden] to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Farbotko v. Clinton Cnty.*, 433 F.3d 204, 208 (2d Cir. 2005) ("The relevant community . . . is the district in which the court sits.").  Troy Law failed to meet its burden for the rates it seeks.

Troy Law requests the following hourly rates: $450 for John Troy; $300 for Aaron Schweitzer; $200 for Leanghour Lim; $150 for Eric Chen; $150 for Tiffany Troy; and $150 for Preethi Kilaru.[1]  (Decl. of John Troy in Supp. of Mot. dated Mar. 8, 2022 ("Troy Decl."), Dkt. No. 80 ¶¶ 34, 48, 55, 59, 64, 75).  Counsel provided a summary of the qualifications of each individual employed by Troy Law who worked on this case.  (*Id.* ¶¶ 21–75).  However, judges in this District routinely decline to award fees at the

---

[1] Defendants are correct that the fee application contains contradictory rates for Schweitzer.  At one point, the motion seeks a rate of $350.  (Troy Decl. ¶ 41).  In other places, counsel seeks a rate of $330, (*id.* ¶ 78), or $300.  (*Id.* ¶ 48).  The Court presumes that the Fee Applicants intended to request a rate of $300 for Schweitzer because their final calculations rely on that rate.  (*See id.* ¶¶ 78–82).

rates requested by Troy Law, even as recently as this past year.[2]  *See, e.g.*, *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840, 2022 WL 2193441, at *2–*3 (E.D.N.Y. June 17, 2022) (awarding hourly rates of $325 to John Troy, $115 to Schweitzer, $100 to Tiffany Troy, and $75 to Kilaru); *Won v. Gel Factory, Corp.*, No. 20-CV-5269, 2022 WL 903121, at *8 (E.D.N.Y. Jan. 25, 2022) (reducing John Troy's hourly rate to $350, Schweitzer's rate to $150, and Kilaru's rate to $75), *report and recommendation adopted*, 2022 WL 903065, at *1 (Mar. 28, 2022); *Jianmin Jin v. Shanghai Original, Inc.*, No. 16-CV-5633, 2020 WL 4783399, at *5 (E.D.N.Y. Aug. 18, 2020) (reducing hourly rates of John Troy from $550 to $375, Schweitzer from $350 to $150, junior associates from $250 to $150 or $100, and paralegals, including Kilaru, from $150 to $75).  Consistent with the foregoing cases, the Court awards hourly rates of $350 for John Troy, $150 for Schweitzer, $100 for Tiffany Troy, and $75 for Kilaru.

Troy Law's argument that the passage of time warrants an increase in fees, (Reply Mem. of Law in Supp. of Mot. ("Reply"), Dkt. No. 84 at 2), is not persuasive.  For one thing, courts have recently declined to award these lawyers rates at the top end of the range, *see supra*.  At a more basic level, fees are dependent upon the performance of the lawyer and the complexity of the case.  *See Sun*, 2022 WL 2193441, at *2; *Lilly v. City of New York*, 934 F.3d 222, 231–32 (2d Cir. 2019) ("It was entirely appropriate for the district court to consider the complexity of a matter because a reasonable paying client

---

[2] As Judge Cogan observed, "Troy Law's tarnished history compels the Court to scrutinize its fee applications in this or any other case with special care.  It also makes more egregious any repetition of the same criticism that Troy Law has received in other cases."  *Panora v. Deenora Corp*, No. 19-CV-7267, 2021 WL 5712119, at *6 (E.D.N.Y. Dec. 2, 2021).

would consider the complexity of his or her case when deciding whether an attorney's proposed hourly rate is fair, reasonable, and commensurate with the proposed action.").

Here, there is nothing about this FLSA case that was particularly complex. It did not involve novel issues of law, complicated facts, or a multitude of parties. While Plaintiffs' counsel tried to make this case more complex, their attempts to do so failed. The motion for conditional certification was denied. The motion to compel class discovery was also denied. These denials dovetail with the less-than-superior performance by counsel. Other motions were denied, including a motion to compel—for failure to meet and confer, as required by a bevy of rules—and a motion for sanctions. In light of a lack of complexity and middling performance, there is no cause to award the highest hourly rate. *See, e.g.*, *Yuajian Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-CV-9507, 2020 WL 1819941, at *3 (S.D.N.Y. Apr. 9, 2020) ("[T]here are cases in both this District and the Eastern District in which courts have awarded Troy fees at the very low end of the identified range (*i.e.*, at the rate of $300 per hour), based on the poor quality of his work in those cases.") (collecting cases).

The Court next turns to the hourly rates requested by associates Eric Chen and Leanghour Lim. Eric Chen was admitted to practice law in New York in 2021. (Troy Decl. ¶ 58). Leanghour Lim was admitted to practice law in 2019 and is an attorney of record in 51 cases across the Southern and Eastern Districts of New York. (*Id.* ¶¶ 49, 50–51). In line with the rates awarded to the junior associates employed by Troy Law and other factors discussed above, the Court finds it appropriate to award hourly rates of $100 for Eric Chen and $125 for Leanghour Lim.

Hui Chen, an attorney who provided his services during the early stages of the case, has similarly failed to meet his burden. Chen did not submit his own affidavit in

support of his request for attorney's fees.[3]  The Court cannot discern when Chen was

admitted to practice law or how many years of experience Chen has litigating wage and

hour claims.  Courts in this Circuit have previously denied Chen's request for an hourly

rate of $375.  *Burns v. Scott*, No. 20-CV-10518, -- F. Supp. 3d --, 2022 WL 10118491, at

*14 (S.D.N.Y. Oct. 17, 2022) ("The Court applies a . . . discount to Chen's requested rate

here to arrive at an hourly rate of $300.") (adopting report and recommendation); *Li v.

SMJ Constr. Inc.*, No. 19-CV-5309, 2021 WL 9036272, at *5 (S.D.N.Y. Aug. 25, 2021)

(applying a 20% reduction to Chen's requested fees due to absence of evidence

identifying the attorney's experience and skills).  As a result, the Court awards Hui Chen

an hourly rate of $300 for work performed in this case.

The chart below outlines the Court's adjustments to the requested rates:

| Name | Title/Position | Requested Rate | Awarded Rate |
|---|---|---|---|
| John Troy | Managing Attorney | $450 | $350 |
| Aaron Schweitzer | Managing Associate | $300 | $150 |
| Leanghour Lim | Associate | $200 | $125 |
| Eric Chen | Associate | $150 | $100 |
| Tiffany Troy | Associate | $150 | $100 |
| Preethi Kilaru | Managing Clerk | $150 | $75 |
| Hui Chen | Co-Counsel | $375 | $300 |

B. Hours Expended

After determining the reasonableness of the hourly rate, "[a] court determines

whether the hours claimed by the prevailing side were 'reasonably expended,' and

adjusts the award accordingly.  District courts are then charged with factoring in 'other

considerations that may lead the district court to adjust the fee upward or downward,

---

[3] The only evidence pertaining to Chen's qualifications is in a single paragraph in Troy's Declaration.  (*See* Troy Decl. ¶ 76).

including the important factor of the results obtained.'" *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Hensley*, 461 U.S. at 433–34).

In so doing, courts look to the "contemporaneous time records" of the attorney. The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* "In reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Brown*, 2014 WL 1237448, at *10 (collecting cases) (quotations omitted); *John v. DeMaio*, No. 15-CV-6094, 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) ("[A] trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable."), *report and recommendation adopted*, 2016 WL 7410656, at *4 (Dec. 22, 2016). "Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours." *John*, 2016 WL 7469862, at *8 (quotations omitted); *see also Ortiz v. City of New York*, 843 F. App'x 355, 360 (2d Cir. 2021) ("When there are problems with billing records, such as vague entries or block-billing, we have approved the use of percentage cuts as a practical means of trimming fat from a fee application." (quotations omitted)). "[I]t is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *John*, 2016 WL 7469862, at *9 (quotations omitted).

i.    Post-Offer of Judgment Fees

The Court first addresses the dispute over whether counsel is entitled to fees for time spent preparing this fee application.[4]  Defendants argue that Rule 68 precludes recovery of fees for work following service of an offer of judgment; the Rule provides that a defendant "may serve on an opposing party an offer to allow judgment . . . with the costs *then accrued.*"  Fed. R. Civ. P. 68(a) (emphasis added); (Defs.' Mem. of Law in Opp'n to Mot. ("Opp'n"), Dkt. No. 83 at 18).  Defendants cite no case law in support of this reading of the Rule.

While it may be that, absent any language in the Rule 68 offer, costs are limited to those as of the date of the offer, parties are free to agree to different terms.  That is because, "an accepted Rule 68 offer of judgment is a contract, and it must be interpreted according to ordinary contract principles." *Lilly*, 934 F.3d at 235–36.  And here, the offer of judgment exempted "any claims for recovery of reasonable attorneys' fees, costs, and expenses incurred by Plaintiff's counsel in connection with this action . . . , the amount of which shall be determined by the Court by a separate fee application, unless the parties otherwise agree on a fee award after acceptance of this Offer."  (Offer at 1).  The Offer does not address the time period for fees, including whether fees incurred after the Offer is accepted are recoverable.

"[A]mbiguities in the language of a Rule 68 offer of judgment are to be construed against the party making the offer." *Lilly*, 934 F.3d at 236 (quotations omitted); *see also Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) ("Rule 68 offers of judgment,

---

[4] Counsel billed 10.31 hours, or the equivalent of $1,954.50 in fees, after service of the offer of judgment.  (*See* Att'y Invoice by Troy Law dated Mar. 8, 2022 ("Troy Invoice"), attached as Ex. 1 to Troy Decl., at 11).  8.75 of those hours, amounting to $1,312.50, can be attributed to this fee application.  (*Id.*).

however, are different from other contract offers in that they carry legal consequences: a party that rejects a Rule 68 offer may be subject to the cost-shifting provision of Rule 68(d) if it does not obtain a more favorable judgment.  Hence, . . . ambiguities will be construed against the party making the offer." (citation omitted)).  As such, absent a clear waiver in the Rule 68 offer, fees incurred after the acceptance are recoverable.  *See, e.g.*, *Thomas v. City of New York*, No. 14-CV-7513, 2017 WL 6033532, at *9 (E.D.N.Y. Dec. 1, 2017), *report and recommendation adopted*, Order (Apr. 30, 2018); *Schreier v. Pro. Claims Bureau, Inc.*, No. 2:19-CV-4867, 2020 WL 7699945, at *3 (E.D.N.Y. Sept. 24, 2020) (awarding counsel fees for time spent on the fee application where "defendant's Rule 68 offer [did] not cut off plaintiff's fees at the time of offer or acceptance and contemplate[d] a fee application to the Court"), *report and recommendation adopted*, 2020 WL 7417026, at *2 (Dec. 18, 2020); *Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 257 (E.D.N.Y. 2020) ("Unless expressly prohibited by the terms of a Federal Rule of Civil Procedure 68 offer, a district court can award attorney's fees for hours expended on an attorney's fee application—so-called 'fees on fees.'").

Having failed to agree that post-Offer fees would *not* be recoverable, the general rule that all attorney's fees incurred by a prevailing party are recoverable, *see* N.Y. Lab. Law § 198(1-a), applies, and Defendants are liable for attorney's fees incurred after the date of the Offer.  *See Lilly*, 934 F.3d at 237–38 ("If a plaintiff desires fees on fees in the event a fee application to the district court is required, the plaintiff should ensure that the settlement terms do not foreclose the availability of such fees."); *Thomas*, 2017 WL 6033532, at *9 ("It was [the defendant's] choice to leave open the determination of fees-on-fees as reasonable as the Rule 68 Offer did not contain fee-cutoff provision.  Given that the Rule 68 offer implicitly provides that there may be process to determine fees—

which would lead to fees-on-fees award, and Rule 68 offer does not preclude such an award—the court can and should award fees.").

　　ii.　　Billing Practices

The Court agrees with Defendants that several of the billing entries in invoices submitted by the Fee Applicants are vague, duplicative, or excessive, warranting a percentage reduction in the number of hours billed.

As an initial matter, over 70% of the hours expended by Troy Law on this matter were conducted by John Troy and Aaron Schweitzer, the two highest-paid attorneys, instead of distributing the tasks among attorneys with lower rates.[5]  Nothing about this relatively straightforward FLSA case required the vast majority of work to be completed by the attorneys with the highest rates.  Tasks like reviewing court orders, coordinating and scheduling mediation, drafting standard discovery extensions and status reports, and preparing documents for filing could and should have been delegated to junior attorneys.  Such misallocation warrants a reduction in fees.  *See Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 216–17 (E.D.N.Y. 2019) (imposing 30% reduction in number of hours billed, in part because higher-paid attorneys "billed for tasks that could have been completed by an associate or paralegal," including review of court orders and the filing of documents on ECF); *Singh v. Meadow Hill Mobile Inc.*, No. 20-CV-3853, 2021 WL 3862665, at *17 (S.D.N.Y. Aug. 29, 2021) ("As the most experienced attorney with the highest billable rate, John Troy should not have been the one to perform the

---

[5] Together, Troy and Schweitzer spent 160.6 hours on this case.  (*See* Troy Decl. ¶ 78).  Consistent with the chart supplied by counsel, the Court has calculated the total hours expended by Troy Law—that is, excluding hours by Hui Chen—as 217.88.  (*See id.*).  Troy and Schweitzer's work therefore comprised approximately 73.71% of the firm's total output.

majority of the work in this matter.  In this relatively straightforward FLSA–NYLL case, staffing the case in such a manner warrants an across-the-board adjustment in the number of hours billed." (quotations omitted)) (adopting report and recommendation).

"[D]istrict courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work)[.]" *Lilly*, 934 F.3d at 234.  Counsel's records contain several entries that are "spent on administrative or non-compensable work, including clerical tasks, such as electronic filing." *Lin v. Joe Japanese Buffet Rest. Inc.*, No. 17-CV-3435, 2022 WL 2718584, at *7 (E.D.N.Y. June 7, 2022) (quoting *Tenecora v. Ba-kal Rest. Corp.*, No. 18-CV-7311, 2020 WL 8771256, at *31 (E.D.N.Y. Nov. 30, 2020)), *report and recommendation adopted*, 2022 WL 2716487, at *1 (July 13, 2022).  For example, on May 20, 2019, John Troy billed 0.5 hours to "File Consent to Become Party Plaintiff Zang, Zhizhong," on June 17, 2019, he billed 0.1 hours to "Review Notice of Appearance" filed by opposing counsel, and on September 11, 2020, he billed 0.1 hours to "File Mediation Status Report."  (Troy Invoice at 1–2, 5).  In addition, Kilaru billed one hour on August 20, 2019 to "Print and Mail" documents to opposing counsel, which is not a legal task.  (*Id*. at 2–3).  Similarly, Tiffany Troy billed a total of 4.5 hours for "Plf/ Depo Review and Print Deposition Exhibits" on September 16 and December 19, 2021.  (*Id*. at 9–10).

The records also demonstrate the billing of excessive amounts of time and an overlap of efforts among co-counsel.  After Hui Chen spent 6.75 hours preparing and filing the initial Complaint on December 3 and 5, 2018, John Troy subsequently billed 1 hour to review it and the docket on December 28.  (Att'y Invoice by Hui Chen and

14

Associates, PLLC ("Chen Invoice"), attached as Ex. 2 to Troy Decl.; Troy Invoice at 1).

And while Hui Chen recorded 4 hours on November 20, 2018 to conduct an initial

"Interview with Client," (Chen Invoice), Troy repeated the work and did so after the

Complaint had been filed: he billed 0.3 hours on December 12 to hold an "Initial

Telephone Conference with Plaintiff(s)," and another 1.2 hours on March 31, 2019 for

the intake of "Client Zhang, Zhi Zhong," the lead Plaintiff, who had been in the case

since the outset.  (Troy Invoice at 1).  These entries are redundant.  *E.g.*, *Haifeng Xie v.*

*Sakura Kai I Inc.*, No. 17-CV-7509, 2020 WL 4587473, at *3 n.4 (E.D.N.Y. Mar. 12,

2020) ("Troy's firm having filed the initial Complaint over five months earlier, I am at a

loss to understand why Troy would have reasonably needed to spend any time on 'Client

Intake' on June 4, 2018."), *report and recommendation adopted*, 2020 WL 2569406, at

*2 (May 20, 2020).

      Several of the entries in connection with phone or email correspondence fail to

identify individuals on the receiving end and do not specify the nature or subject of

those communications.  For example, some entries merely provide that counsel

"contacted" or "conferred" with a client without referencing which of the three named

Plaintiffs was contacted or the reason for the correspondence, such as "Confer Client RE

Def Identity" on May 20, 2019, "contact client" on April 21, 2021, and "Contact Client re

Depositions" on June 25, 2021.  (Troy Invoice at 1, 7–8).  This is particularly

problematic in this case because the firm is not entitled to recover fees for work

representing Plaintiff Xin Li—who dropped out of the case and for whom no recovery

was obtained.  (*See* R. & R. dated Dec. 15, 2022, Dkt. No. 86).  Likewise, ambiguities in

the descriptions of certain tasks make it difficult for the Court to assess the

reasonableness of time expended.  On April 28, 2019, Schweitzer recorded 1.30 hours

for "Research: Lexis Nexis /Legal /Others" and an additional 2.25 hours for "Defendant Website Research: Yelp/ Grubhub/ MenuPages/ Delivery.com/ FB/web." (*Id.* at 1). Such vague entries—reflecting the same description and amount of time billed—were deemed by one other court as "too vague to allow for meaningful judicial scrutiny." *See Wen v. Hair Party 24 Hours Inc.*, No. 15-CV-10186, 2021 WL 3375615, at *23 (S.D.N.Y. May 17, 2021), *report and recommendation adopted*, 2021 WL 2767152, at *2 (July 2, 2021). But in addition, Kilaru billed 1.5 hours for "evidence prep" on January 4, 2021, Schweitzer billed a total of 3 hours on September 8, 2021 to "review docs for depo," and Tiffany Troy billed 2 hours on December 19, 2021 to "Review Case Ahead of Deposition" without further explanation of whose deposition was being taken or which documents were reviewed. (Troy Invoice at 6, 8, 10). These vague entries justify a reduction in fees. *E.g.*, *Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, No. 10-CV-389, 2015 WL 7454601, at *7 (E.D.N.Y. Nov. 23, 2015) ("There are also some vague entries, such as those for time spent on document review, consultations, and phone calls, which do not contain further elaboration. . . . [V]ague descriptions make it difficult to determine the reasonableness of the time spent on particular tasks and warrant a reduction in attorney's fees."); *Jianmin Jin*, 2020 WL 4783399, at *8 (finding several of Troy Law's entries vague, "making it difficult to evaluate the reasonableness of the charge," including time spent "review[ing] case"); *Feltzin*, 393 F. Supp. 3d at 216 (reducing hours expended by 30% where, among other things, counsel "billed at least 7.8 hours of phone calls with Plaintiff, opposing counsel, or other unidentified individuals without explaining the nature or subject of the phone call").

The invoice submitted by co-counsel Hui Chen suffers from the same defects. Though the invoice contains dates and hours expended, the one or two-word description

of services rendered accompanying each entry—*e.g.*, "Case Initiation" on December 5, 2018, "Conference" on August 21, 2019, and "Correspondence with Client" on November 23, 2019—are vague and give no sense of the legal or non-legal nature of the work, the participants, or even the task performed.  (Chen Invoice).  As another example—an entry on December 14, 2018 reads "Process Service" with no further information.  (*Id.*).  Indeed, there is no entry in Chen's invoice that is not vague, incomplete, or incomprehensible.  The Court is, thus, unable to determine the nature of any of the work performed by Chen, which also suggests a global reduction in hours is required.[6] *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64–65 (2d Cir. 2014) (affirming 50% across-the-board reduction because of lack of detail in billing records, including "concerns regarding unspecified conferences, telephone calls, email correspondence, and reviews" (quotations omitted)).

In light of these deficiencies, the Court finds it appropriate to reduce the total hours expended by 30%.  Troy Law's argument that Defendants have impermissibly "cherry picked" problematic entries, (Reply at 7), is flawed in multiple respects.  First, the mere "existence of even a few inconsistencies and questionable billing entries . . . renders the entire record suspect."  *Haifeng Xie*, 2020 WL 2569406, at *1.  Second, as the preceding paragraphs reflect, there are multiple categories of problems with the billing records and the time expended; the issues are not isolated or limited and are indistinguishable from other cases where Troy Law has been subject to a 30% across-the-board cut in fees for poor billing practices.  *See, e.g.*, *Chen v. Marvel Food*

---

[6] Indeed, Hui Chen's invoice is so deficient that the Court could exclude all the hours requested.  However, in light of the global reduction in fees as detailed herein, such elimination would be redundant.

*Servs. LLC*, No. 15-CV-06206, 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022)

(reducing Troy Law's compensable hours by 30% where the invoice reflected "poor

billing practices and/or redundant time" and John Troy "frequently

billed . . . ministerial tasks that should have been handled by junior attorneys or

administrative staff") (collecting cases); *Wen*, 2021 WL 3375615, at *23–*24 (applying a

reduction of 30% to Troy Law's hours and noting that many entries were too vague, time

spent on certain tasks was unreasonable, and "this matter involved straightforward

claims under the FLSA and NYLL"); *Hine v. Insomnia Cookies*, No. 22-CV-6075L, 2022

WL 17245437, at *3 (W.D.N.Y. Nov. 28, 2022) (reducing the hours recorded by Troy

Law "by 30% across the board, to account for poor billing judgment and unnecessary,

excessive or duplicative work," and mentioning that Troy Law "appears to have a history

of submitting unreasonably high fee requests, both as to rates and hours").

     iii.    <u>Degree of Success Obtained</u>

     Counsel is requesting $71,699 in legal fees, which constitutes 3.5 times the gross

settlement amount of $20,000.  (Troy Decl. ¶¶ 80–81; Clerk's J. dated Jan. 19, 2022,

Dkt. No. 72).  "'[T]he most critical factor' in a district court's determination of what

constitutes reasonable attorney's fees in a given case 'is the degree of success obtained'

by the plaintiff."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir.

2008) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).  Courts consider "[b]oth the

quantity and quality of relief obtained, as compared to what the plaintiff sought to

achieve as evidenced in her complaint."  *Id.* (quotations omitted).[7]

---

    [7] Indeed, in the FLSA context, success is a central part of the *Cheeks* analysis
when examining reasonableness of attorney's fees.  *See Cheeks v. Freeport Pancake
House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  District courts consider whether the attorney's

When a plaintiff succeeds on some claims but not others, courts must consider whether the claims brought are so "intertwined"—*i.e.*, they "involve a common core of facts or [are] based on related legal theories"—that most of "counsel's time will be devoted generally to the litigation as a whole." *Holick*, 48 F.4th at 106 (quotations omitted).  In those situations where claims are not severable, it is "difficult to divide the hours expended on a claim-by-claim basis," and so instead of determining "how much time counsel devoted to each such overlapping claim, [the court should] look to the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) (quotations omitted).  On the other hand, where the claims are unrelated, the "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Holick*, 48 F.4th at 106 (quotations omitted).  "[T]he Supreme Court in *Hensley* noted that unrelated claims were likely to be uncommon, and that most civil rights claims will involve a common core of facts, or be grounded in related legal theories, or both." *Id.* at 108 (citing *Hensley*, 461 U.S. at 435).

Here, it is unclear whether Plaintiffs' success on their individual claims are "intertwined" with the losses on their collective and class motions—claims seeking relief on behalf of a broader group of individuals.  There is an argument that an individual claim has no relationship to a group claim, when the class or collective motion is denied

---

fees and costs portion of the settlement is reasonable and commensurate with the degree of success obtained. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606–07 (2d Cir. 2020).  Though, the *Cheeks* reasonableness analysis does not apply here, of course, because it is a Rule 68 offer of judgment, and not a settlement agreement entered into by the parties. *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019) ("[Because] the FLSA does not require judicial approval of Rule 68(a) offers of judgment, we decline to extend *Cheeks*' judicial approval requirement to that context.").

and only the representative plaintiff's claims prevail.  *E.g.*, *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 13 (S.D.N.Y. 2015) (finding denial of class certification motion, immediately followed by an agreement to settle, was not "inextricably intertwined" with the rest of the litigation).  But such a rule applied in every case can be too formalistic and reductive, for individual success can depend on the motions filed seeking relief on behalf of others.  *Cf. Holick*, 48 F.4th at 107 ("Here, there is clearly a common legal issue undergirding each of the claims: whether Plaintiffs are employees or independent contractors, and all of the legal theories involve wage and hour claims brought under the FLSA and New York Labor Law.  Plaintiffs' claims all arise from a common set of facts: the conditions of employment between Plaintiffs and Cellular.").

The fee application does not grapple with this issue.  In any event, here, even assuming that the class, collective and individual claims were deemed to be broadly intertwined, the result is the same:  the "significance of the overall relief obtained," which is the ultimate question in the analysis, warrants a reduction in fees.  Although the Court "need not reduce the fee award for every unsuccessful motion over the course of a litigation, generally the denial of a class or collective action certification motion justifies a reduction in fees, given the impact that such certification may have on the quantity and quality of the available relief." *Jianmin Jin*, 2020 WL 4783399, at *7 (citations and quotations omitted).  Likewise, courts reduce attorney's fees for "work done on motions that were never filed, on claims that were abandoned, on motions that were unreasonable or had little chance of success, and on submissions that failed to comply with court orders." *Murray v. Marshall*, No. 15-CV-599, 2020 WL 5899851, at *6 (E.D.N.Y. Mar. 16, 2020) (quotations omitted), *report and recommendation adopted as modified*, 2020 WL 3819075, at *2 (July 8, 2020).

This is a litigation unnecessarily prolonged by unmeritorious discovery motions, and one Plaintiff's claims were recommended for dismissal.  Denials of the motion for conditional certification and motion to compel class discovery limited the action to the three Plaintiffs,[8] one of whom, Xin Li, dropped out of the action by failing to prosecute his case.  And so, hours spent by counsel with respect to his case led to no success (yet some of that time is included in the fee application—*e.g.*, "Meet with clients to Revise Amended Complaint" on May 19, 2019; "Draft Plaintiff(s)' Initial Disclosures with Damages Calculations" and "Draft Plaintiff(s)' Interrogatories on August 20, 2019; and "Confer Clients re Upcoming Mediation" on November 4, 2019).  (Troy Invoice at 1–3). As for the two remaining Plaintiffs, Zang and Huang, counsel offers no facts in this fee application to judge the degree of success obtained—nothing about the size of their potential claims, how the size of the recovery measures against their potential claims, or the difficulty in obtaining a recovery on their behalf.  The Court's only gauge of success, or lack thereof, is a rejected offer of judgment "to Plaintiffs [Zang and Li] for $16,553 on December 27, 2019" excluding attorney's fees and costs.  (Opp'n at 1; Offer of J. dated Dec. 27, 2019, attached as Ex. D to Opp'n).  And this works against Troy Law, which chose to "further litigate the case for another 2.5 years and [expend] . . . $42,888 in legal fees to obtain an additional $3,447 for Plaintiffs." (Opp'n at 1). *Cf. Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 205 (E.D.N.Y. 2015) ("The Court notes that the three Plaintiffs who received the offers of judgment are essentially receiving the same

---

[8] The Court conservatively estimates that at least 45.14 hours were spent on these two motions combined, almost 20% of counsel's total output of 239.38 hours.  This estimate includes 15.93 hours on the conditional certification motion, (*see* Entries from 1/22/20 until 3/26/20, Troy Invoice at 4–5), and 29.21 hours on the class discovery motion.  (*See* Pls.' Mot. to Compel Class Discovery, attached as Table B-3 to Opp'n).

amounts offered in the first few months of this protracted litigation.  Certainly this reflects on the 'degree of success' obtained[.]").

With clear evidence of a lack of success—failed motions and a plaintiff who dropped his case—and no clear evidence by which to measure the success achieved on behalf of the remaining Plaintiffs, the Court therefore finds it appropriate to impose a 20% reduction in the number of hours, to be imposed in addition to the 30% deduction described above, for a total of a 50% reduction.  *See, e.g.*, *Holick v. Cellular Sales of N.Y., LLC*, No. 12-CV-584, 2021 WL 964206, at*4 (N.D.N.Y. Mar. 15, 2021) (reducing fees by 40% where "Plaintiffs were ultimately not successful in their pursuit of class and collective actions" and counsel's records contained vague, unnecessary, and redundant entries), *aff'd*, 48 F.4th 101 (2d Cir. 2022); *Barfield*, 537 F.3d at 152–53 (affirming district court's 50% reduction in lodestar calculation because plaintiff failed to make "even the modest factual showing" necessary to support collective action certification); *White v. W. Beef Prop., Inc.*, No. 07-CV-2345, 2014 U.S. Dist. LEXIS 155868, at *16 (E.D.N.Y. Sept. 30, 2014) (reducing lodestar by 33% in light of unsuccessful Rule 23 motion and dismissal of most opt-in plaintiffs after decertification of collective action), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 155524, at *2 (Oct. 30, 2014); *Gonzalez*, 112 F. Supp. 3d at 13 (subtracting from fee award line-items attributable to the unsuccessful certification motion); *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2018 WL 5004867, at *5 (S.D.N.Y. Oct. 16, 2018) (excluding 102.4 hours allocated to unsuccessful certification motions in FLSA action).  The Court declines to impose the full additional 40% reduction sought by Defendants, to avoid double counting and because the Court already reduced the reasonable hourly rate for the reasons explained.

The Court therefore awards fees consistent with the chart below:

| Name | Awarded Rate | Hours Requested | Reduction of Hours Billed by 50% | Total Fees |
|---|---|---|---|---|
| John Troy | $350 | 42.93 | 21.465 | $7,512.75 |
| Aaron Schweitzer | $150 | 117.67 | 58.835 | $8,825.25 |
| Leanghour Lim | $125 | 8.5 | 4.25 | $531.25 |
| Eric Chen | $100 | 9.65 | 4.825 | $482.50 |
| Tiffany Troy | $100 | 10.23 | 5.115 | $511.50 |
| Preethi Kilaru | $75 | 28.9 | 14.45 | $1,083.75 |
| Hui Chen | $300 | 21.5 | 10.75 | $3,225 |

Total: $22,172

II.     Costs

The Fee Applicants seek reimbursement for costs consisting of $400 in court filing fees, $300 in mediation fees, $175 in service of process fees, and $13.21 in postage and printing fees.  (Chen Invoice; Troy Invoice at 11).  Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying."  *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008).  Only those costs that are tied to "'identifiable, out-of-pocket disbursements'" are recoverable.  *Moon v. Gab Kwon*, 99-CV-11810, 2002 WL 31512816, at *8 (S.D.N.Y. 2002) (quoting *Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir. 1987)).

Filing fees are recoverable without supporting documentation if verified by the docket.  *E.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (adopting report and recommendation in part); *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 9538900, at *11 (S.D.N.Y. Mar. 29, 2017) (stating that the filing fee is "a fact of which the Court can take judicial notice"), *report and recommendation adopted*, 2017 WL 1906902, at *2 (May 9, 2017).  The docket indicates the $400 filing fee was paid.  Therefore, although the Fee Applicants did not submit a receipt, the filing fee should be awarded.

Process server fees are also recoverable, but they must be supported by documentation.  *See Martinez v. Alimentos Saludables Corp*., No. 16-CV-1997, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017) (recommending that the plaintiffs not be awarded process server fees absent supporting documentation and noting that "failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 174714, at *1 (Oct. 18, 2017); *Sheldon v. Plot Commerce*, No. 15-CV-5885, 2016 WL 5107072, at *20 (E.D.N.Y. Aug. 26, 2016) (recommending the costs for serving defendant "be denied due to lack of adequate documentation"), *report and recommendation adopted*, 2016 WL 5107058, at *1 (Sept. 19, 2016).  There is no receipt, invoice, or other documentation indicating the cost to serve Defendants was $175.  The Court therefore declines to award $175 in service costs.

Though the Fee Applicants did not submit a receipt for the mediator's fee, it is undisputed that the parties were referred to the EDNY Mediation Panel and did, in fact, participate in mediation.  (Min. Entry dated Aug. 21, 2019; Mediation Status Report dated Sept. 11, 2020, Dkt. No. 41).  Thus, the Court finds it appropriate to award $300 in mediation fees.  *E.g.*, *Hall v. ProSource Techs., LLC*, No. 14-CV-2502, 2016 WL 1555128, at *17 (E.D.N.Y. Apr. 11, 2016) (awarding costs of mediation).  The Court also finds the postage and printing costs reasonable.  *See, e.g.*, *Finkel v. Robco Elec. Corp*., No. 11-CV-2353, 2012 WL 3306963, at *13 (E.D.N.Y. Mar. 30, 2012) (recommending an award of "$28.36 for postage, photocopies and facsimiles"), *report and recommendation adopted*, 2012 WL 3307631, at *1 (Aug. 13, 2012); *Gesualdi v. Ava Shypula Testing & Inspection, Inc*., No. 13-CV-1873, 2014 WL 1399417, at *8 (E.D.N.Y. Apr. 10, 2014) (approving "$16.80 for postage, photocopies, and accessing the docket")

(adopting report and recommendation).

In sum, the Court awards the Fee Applicants $713.21 in costs.

<u>CONCLUSION</u>

For the reasons stated above, the motion for attorney's fees is granted in part and denied in part.  The Court awards the Fee Applicants $22,172 in attorney's fees and $713.21 in costs.

SO ORDERED.

<u>/s/ *Sanket J. Bulsara*</u>  March 1, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York